*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER M. REDDING,

   Plaintiff-Appellant,

v

TINA BLODGETT, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
NATIONSTAR MORTGAGE, LLC,

   Defendants-Appellees,

and

CHEMICAL BANK,

   Defendant.

UNPUBLISHED
April 1, 2021

No. 349573
Charlevoix Circuit Court
LC No. 18-044426-CH

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

BORRELLO, J. (*dissenting*).

Because the majority has rewritten the parties' contract, and thereby violated our Supreme Court's directive that "the judiciary is without authority to modify unambiguous contracts or rebalance the contractual equities struck by the contracting parties[.]" Rory *v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005), I dissent.

Contrary to the majority, I concur with plaintiff's contention that the trial court erred by concluding his right of first refusal had been extinguished because he did not exercise it at the time of the sale to the Petermans. Plaintiff maintains that although declining to exercise his right of first refusal with respect to a particular sale extinguishes his right of first refusal and option to purchase the property *as to that sale*, he nevertheless continues to hold a right of first refusal with respect to any subsequent sales of the property because the right-of-first-refusal agreement contains language making the agreement binding on the parties' successors and there is no language in the agreement indicating that plaintiff's right of first refusal is extinguished as to future

-1-

sales if he declines to exercise it as to any particular sale. A plain and straight-forward read of the right-of-first-refusal makes such a conclusion obvious.

"A right of first refusal, or preemptive right, is a conditional option to purchase dependent on the landowner's desire to sell." *Randolph v Reisig*, 272 Mich App 331, 336; 727 NW2d 388 (2006). Rights of first refusal are governed by principles of contract, *In re Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008), and are not interests in land, *Randolph*, 272 Mich App at 338-339. As this Court has explained:

> An option contract does not create an interest in land. A right of first refusal gives the promisee fewer rights than an option contract. The promisee in an option contract holds the power to purchase the property at will for the specified price during the specified period. But the option contract does not create an interest in land. Conversely, the promisee in a right of first refusal agreement cannot exercise any right to purchase property unless the seller decides to sell to a different buyer. Because the right of first refusal gives the holder fewer rights than an option, we conclude that if the latter does not create an interest in land, neither does the former. Indeed, Michigan courts have generally treated similar agreements containing first-refusal rights as contracts, not property interests, and have relied on the contractual nature of the first-refusal agreement in determining that it is not limited by the common-law rule against perpetuities. [*Randolph*, 272 Mich App at 338-339 (citations omitted).]

The principles of contract interpretation are well established:

> In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning. If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law. However, if the contractual language is ambiguous, extrinsic evidence can be presented to determine the intent of the parties. [*In re Smith Trust*, 480 Mich at 24 (citations omitted).]

In this case, the May 4, 2000 right-of-first-refusal agreement at issue states, "This Agreement shall enure to the benefit of and be binding upon the parties hereto, their respective heirs, administrators, executors, representatives, successors and/or assigns." It is at this juncture in their analysis where the majority begins its major re-write of the right-of-first-refusal agreement.

The agreement does not define the term "successor." However, a dictionary may be consulted to determine the plain and ordinary meaning of a term that is not defined in a contract. *In re Kostin*, 278 Mich App 47, 54; 748 NW2d 583 (2008). *Black's Law Dictionary* defines "successor" generally to mean "[s]omeone who succeeds to the office, rights, responsibilities, or place of another; one who replaces or follows a predecessor." *Black's Law Dictionary* (11th ed). Here, Blodgett is undisputedly a successor in Scott's interest to the property at issue since the chain of title demonstrates that title to the property passed from Scott to Charlevoix State Bank, to the Petermans, to Blodgett.

Defendants argue, and the trial court concluded, that the right of first refusal was nonetheless extinguished because plaintiff declined to exercise his right of first refusal with respect to one particular sale, i.e., the sale to the Petermans (Blodgett's predecessors in interest). Contrary to the majority, I conclude there is no language in the contractual agreement to support such a conclusion. Nothing in the right-of-first-refusal agreement indicates that is a one-time, "use it or lose it" right. The only language in the contract that relates to this issue actually suggests that the parties intended the opposite because the agreement states that it would be binding on the parties and their "respective heirs, administrators, executors, representatives, successors and/or assigns." The trial court, like the majority, therefore err by not enforcing the contract as written. *In re Smith Trust*, 480 Mich at 24. Courts "cannot read words into the plain language of a contract." *Northline Excavating, Inc v Livingston Co*, 302 Mich App 621, 628; 839 NW2d 693 (2013). The trial court erroneously read a limitation on plaintiff's right of refusal into the contract in the absence of any language creating such a limitation. *Id*. The majority makes the same error, seemingly concluding that regardless of the language in the contract, the right of first refusal is extinguished by operation of law if it is not exercised upon the first bona fide sale and that the contractual agreement does not bind a successor of Scott who obtained the property through a bona fide purchase. However, the right of first refusal is purely contractual, and the majority's proposed limitations on this right does not appear anywhere in the contract.

Moreover, defendants' argument that such an interpretation of the agreement would result in the right of first refusal lasting for perpetuity is misplaced. As this Court has already explained, agreements creating a right of first refusal

> are not void, however, merely because they lack a specific time for performance. Rather, in the absence of a specific time, courts will construe agreements "to be for a reasonable period of time," and, thus, such agreements are valid only for a reasonable period. There is a strong tendency to construe an option of preemption to be limited to the lives of the parties "unless there is clear evidence of a contrary intent." [*Randolph*, 272 Mich App at 336-337 (citations omitted).]

Accordingly, I would hold that the trial court's ruling granting summary disposition in favor of defendants was erroneous. I also would not address any of the additional arguments for affirmance at this juncture, including that plaintiff is barred from the relief he seeks by the doctrine of laches for waiting more than five years after Blodgett purchased the property to attempt to enforce his right of first refusal with respect to the sale from the Petermans to Blodgett, because these additional issues were not decided by the trial court and there accordingly is no ruling on these issues to review. This is not to state, however, that there may be reasons that plaintiff ultimately does not prevail in this case, but neither the reasons relied on by the trial court nor the reasons relied on by the majority on appeal are among them. I therefore dissent from the majority's opinion affirming the trial court's ruling.

/s/ Stephen L. Borrello